**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON M. ALBRIGHT and** | : | CIVIL ACTION |
| **STEPHANIE ALBRIGHT (Husband/Wife)** | : | |
| | : | CASE NO.: |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **BAILEY L. MORRIS; JOHN MORRIS;** | : | |
| **ALPHA O. SACKO;** | : | |
| **PV HOLDING CORPORATION;** | : | |
| **AVIS RENT A CAR SYSTEM, LLC;** | : | |
| **AVIS RENT A CAR SYSTEM, INC.; and** | : | |
| **AVIS BUDGET GROUP, INC.** | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs, Jason M. Albright and Stephanie Albright, by and through their attorney, Kevin M. Siegel, Esquire, hereby file this action against the above named defendants and in support thereof aver as follows:

I.    **PARTIES**

1.    Plaintiff, Jason M. Albright, is an adult individual and a citizen and resident of the Commonwealth of Virginia and resides therein at 715 West 37th Street, Norfolk, Virginia, 23508.

2.    Plaintiff, Stephanie Albright, is an adult individual and a citizen and resident of the Commonwealth of Virginia, and resides therein at 715 West 37th Street, Norfolk, Virginia, 23508. Plaintiffs are married and were in a married relationship to each other on February 26, 2017, the date of the accident upon which this lawsuit is based.

3.    Defendant Bailey L. Morris is an adult individual and resident of the Commonwealth of Pennsylvania and resides therein at 15 Queen Anne Road, Levittown, Pennsylvania, 19057.

4.    Defendant John Morris is an adult individual and resident of the Commonwealth of Pennsylvania and resides therein at 15 Queen Anne Road, Levittown, Pennsylvania, 19057.

5.      Defendant Alpha O. Sacko is an adult individual and resident of the Commonwealth of Pennsylvania and resides therein at 3300 Street Road, Apartment H9, Bensalem, Pennsylvania, 19020.

6.      Defendant PV Holding Corporation is a formed in the State of Delaware and maintains its principal place of business at 6 Sylvan Way, Parsippany, New Jersey, 07054.

7.      Defendant Avis Rent A Car System, LLC is a corporation formed in the State of Delaware with a registered office address at 2711 Centerville Road, Wilmington, Delaware, 19808 and its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey, 07054.

8.      Defendant Avis Rent A Car System, Inc. is a corporation formed in the State of Delaware with a registered office address at 2711 Centerville Road, Wilmington, Delaware, 19808 and its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey, 07054.

9.      Defendant Avis Budget Group, Inc. is a corporation formed in the State of Delaware with a registered office address at 2711 Centerville Road, Wilmington, Delaware, 19808 and its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey, 07054.


II.     **JURISDICTION AND VENUE**

10.     This Court has original jurisdiction pursuant to 28 U. S. C. § 1332 because the amount in controversy exceeds $ 75,000.00 and complete diversity of citizenship exists between the Plaintiffs and the Defendants.

11.     Venue is proper in this Court pursuant to 28 U. S. C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this jurisdiction and all the defendants reside and/or have offices in this judicial district.  The motor vehicle accidents which are the subject of this suit occurred in this judicial district.

III.     **THE EVENTS GIVING RISE TO THE CAUSE OF ACTION**

12.     On February 26, 2017 at approximately 5:00 a.m., Plaintiff Jason Albright was a passenger in a motor vehicle traveling at 70 mph in the left lane of the Pennsylvania Turnpike approaching mile marker 323.7.

13.     A motor vehicle owned by Defendant John Morris and being operated by Defendant Bailey L. Morris struck the rear of the vehicle in which Plaintiff Jason Albright was a passenger.

14.     Defendant Bailey L. Morris fell asleep while traveling in the left lane of the Pennsylvania Turnpike when he rear ended the vehicle in which Plaintiff Jason Albright was a passenger.

15.     At the time of the crash, Defendant Bailey L. Morris had a suspended motor vehicle license and should not have been operating a motor vehicle.  Moreover, he fled the accident scene.

16.     At the time of the crash, the vehicle in which Plaintiff Jason Albright was a passenger shut off.  However, the driver was able to drift to the right shoulder safely.

17.     While the disabled vehicle was parked on the right shoulder, Plaintiff Jason Albright went to retrieve his cell phone which was still inside the vehicle.

18.     At that moment, Defendant Alpha O. Sacko, while traveling at a high rate of speed, drifted off the roadway and onto the right shoulder where he struck the parked vehicle  Plaintiff Jason Albright was in.

19.     At the time of the accident, Defendant Alpha O. Sacko was driving a rental car he rented from Avis and which was owned by Defendant PV Holding Corporation.


III.     **THE INJURIES AND DAMAGES SUSTAINED BY JASON ALBRIGHT**

20.     As a direct and proximate result of the aforesaid motor vehicle accidents and Defendants' collective negligence and wrongful conduct, Plaintiff Jason Albright has suffered serious and permanent injuries and great damage, including, but not limited to, the following:

       a.   Destruction of all benefits obtained from 2015 lumbar spine surgery;
       b.   Fractures in left thumb;

c.  Shoulder injuries;
d.  Lacerations to thumb and face;
e.  Bruising on face;
f.  Bruising on low back and left hip;
g.  Neck injuries;
h.  Neck pain;
i.  Hip pain;
j.  Back pain;
k.  Past physical pain and suffering;
l.  Future physical pain and suffering;
m.  Past mental anguish;
n.  Future mental anguish;
o.  Past severe emotional distress;
p.  Future severe emotional distress;
q.  Disfigurement;
r.  Embarrassment;
s.  Humiliation;
t.  Past loss of life's pleasures;
u.  Future loss of life's pleasures;
v.  Diminished quality of life;
w.  Past and future inability to engage in activities of daily living;
x.  Loss of household services;
y.  Past medical expenses;
z.  Future medical expenses;
aa.  Past work loss;
bb.  Future work loss and decreased earning  capacity;
cc.  Future medical expenses; and
dd.  All damages as set forth in greater detail in Plaintiff Jason Albright's medical records.

21.  The injuries/damages sustained by Plaintiff Jason Albright as set forth above resulted from the negligence and carelessness of Defendants and were in no way due to any act or failure to act on the part of himself.

22.  As a direct and proximate result of the aforesaid motor vehicle accidents and Defendants' collective negligence and carelessness as described in this Complaint, Jason Albright sustained serious personal injuries.

## IV.   THEORIES OF LIABILITY

### COUNT I
### NEGLIGENCE
### JASON ALBRIGHT V. BAILEY L. MORRIS

23.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein at length.

24.     Defendant Bailey L. Morris owed a duty to Plaintiff to use reasonable care and caution in operating and controlling his motor vehicle.

25.     Defendant Bailey L. Morris was negligent and careless, both generally and in the following particular respects:

  a. Failing to properly monitor the road for hazardous conditions;
  b. Failing to maintain the vehicle in a safe condition;
  c. Failing to have the vehicle under proper control;
  d. Failing to observe traffic control signals;
  e. Failing to yield the right of way to other drivers;
  f. Failing to anticipate and take appropriate evasive maneuvers to avoid the accident;
  g. Failing to operate the vehicle in a safe manner;
  h. Failing to maintain a proper look out;
  i. Driving into another vehicle;
  j. Falling asleep while operating his motor vehicle;
  k. Driving on a suspended license;
  l. Operating his motor vehicle without due regard to the rights and safety of Jason Albright;
  m. Failing to observe the speed limit; and,
  n. Failing to observe the vehicle in front of him.

26.     As a direct and proximate result of the negligence and carelessness of Defendant, and the breach of duties owed, Jason Albright sustained the personal injuries and damages described above.

27.     The acts, omissions and other tortious conduct of Defendant Bailey L. Morris increased the risk of harm to Plaintiff Jason Albright and were substantial contributing factors to, and a factual cause of, Plaintiff Jason Albright's injuries and damages as set forth in this Complaint.

**WHEREFORE,** Plaintiff Jason Albright demands judgment in his favor and against Defendant Bailey L. Morris in an amount greater than $75,000, together with all available compensatory damages, lawful interest, fees and costs.

## COUNT II
## NEGLIGENCE
## JASON ALBRIGHT V. ALPHA O. SACKO

28.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein at length.

29.     Defendant Alpha O. Sacko owed a duty to Plaintiff to use reasonable care and caution in operating and controlling his motor vehicle.

30.     Defendant Alpha O. Sacko was negligent and careless, both generally and in the following particular respects:

a.  Failing to properly monitor the road for hazardous conditions;
b.  Failing to make timely application of his vehicle's brakes;
c.  Failing to maintain the vehicle in a safe condition;
d.  Failing to have the vehicle under proper control;
e.  Failing to observe traffic control signals;
f.  Failing to yield the right of way to other drivers;
g.  Failing to anticipate and take appropriate evasive maneuvers to avoid the accident;
h.  Failing to operate the vehicle in a safe manner;
i.  Failing to maintain a proper look out;
j.  Driving into another vehicle;
k.  Not paying attention when operating his motor vehicle;
l.  Taking his eyes off the road when operating a motor vehicle;
m.  Operating his motor vehicle without due regard to the rights and safety of Jason Albright;
n.  Failing to keep his motor vehicle in the lane of travel;
o.  Allowing his motor vehicle to drift into the shoulder;
p.  Being inattentive, and not paying attention, while operating his motor vehicle;
q.  Failing to observe the speed limit; and
r.  Failing to observe the vehicle in front of him.

31.     As a direct and proximate result of the negligence and carelessness of Defendant, and the breach of duties owed, Jason Albright sustained the personal injuries and damages described above.

32.     The acts, omissions and other tortious conduct of Defendant Alpha O. Sacko increased the risk of harm to Plaintiff Jason Albright and were substantial contributing factors to, and a factual cause of, Plaintiff Jason Albright's injuries and damages as set forth in this Complaint.

**WHEREFORE,** Plaintiff Jason Albright demands judgment in his favor and against Defendant Alpha O. Sacko in an amount greater than $75,000, together with all available compensatory damages, lawful interest, fees and costs.

## COUNT III
## NEGLIGENCE
## JASON ALBRIGHT V. JOHN MORRIS

33.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein at length.

34.     At all times relevant hereto Defendant John Morris was responsible for and/or controlled the silver 2015 Mazda 3, with Pennsylvania license plate KFS4161, being driven by Defendant Baily L. Morris at the time of the accident.

35.     At all times material hereto, Defendant John Morris owed Plaintiff, and other drivers, a duty to exercise reasonable care in permissively allowing others the use of his motor vehicle.

36.     Defendant John Morris allowed and permitted Defendant Bailey L. Morris to operate his motor vehicle knowing that Defendant Bailey L. Morris had his license suspended and did not possess the legal ability to drive.

37.     Defendant John Morris was negligent and careless, generally and in the following specific respects:  Permitting Defendant Bailey L. Morris to operate the motor vehicle which was owned and under the control of Defendant John Morris, when Defendant John Morris knew or should have known that Defendant Bailey L. Morris had a suspended license and not lawfully permitted to

drive.

38.     As a direct and proximate result of the negligence and carelessness of Defendant, and the breach of duties owed, Plaintiff Jason Albright sustained the personal injuries and damages described earlier in this Complaint.

39.     The acts, omissions, and other tortious conduct of Defendant John Morris increased the risk of harm to Plaintiff Jason Albright and were substantial contributing factors to, and a factual cause of, Plaintiff's injuries and damages, as set forth elsewhere in this Complaint.

**WHEREFORE,** Plaintiff Jason Albright demands judgment in his favor and against Defendant John Morris in an amount greater than $75,000, together with all available compensatory damages, lawful interest, fees and costs.


**COUNT IV**
**NEGLIGENT ENTRUSTMENT**
**JASON ALBRIGHT V. JOHN MORRIS**


40.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein at length.

41.     At all times relevant hereto, Defendant John Morris was responsible for and/or controlled the silver 2015 Mazda 3, with Pennsylvania license plate KFS4161, being driven by Defendant Baily L. Morris at the time of the accident.

42.     At all times material hereto, Defendant John Morris owed Plaintiff, and other drivers, a duty to exercise reasonable care in permissively allowing others the use of his motor vehicle.

43.     Defendant John Morris allowed and permitted Defendant Bailey L. Morris to operate his motor vehicle knowing that Defendant Bailey L. Morris had his license suspended and did not possess the legal ability to drive.

44.     Defendant John Morris was negligent and careless, generally, and in the following specific respects:

> a.     Failing to properly instruct Defendant Bailey L. Morris regarding the safe and proper operation of the subject motor vehicle;
>
> b.     Permitting Defendant Bailey L. Morris to operate the motor vehicle which was under the control of Defendant John Morris, when Defendant John Morris knew or should have known that Defendant Bailey L. Morris intended or was likely to use the motor vehicle and/or conduct himself in such a manner as to create an unreasonable risk of harm to others;
>
> c.     Negligently entrusting his motor vehicle to Defendant Bailey L. Morris when he knew or should have known that said defendant would operate the vehicle at a speed too great for the circumstances, and at such an excessive speed would be unable to control the motor vehicle;
>
> d.     Negligently entrusting his motor vehicle to Defendant Bailey L. Morris when he knew or should have known that Defendant Bailey L. Morris's license was suspended;
>
> e.     Negligently entrusting his motor vehicle to Defendant Bailey L. Morris when he knew or should have known that said defendant would fail to have the motor vehicle under reasonable, safe, and proper control such as striking Plaintiff's vehicle; and
>
> f.     Violating Restatement (Second) of Torts §308.

45.     As a direct and proximate result of the negligence and carelessness of this Defendant, and the breach of duties owed, Plaintiff Jason Albright sustained the personal injuries and damages described earlier in this Complaint.

46.     The acts, omissions, and other tortious conduct of Defendant John Morris increased the risk of harm to Plaintiff Jason Albright and were substantial contributing factors to, and a factual cause of, Plaintiff's injuries and damages, as set forth elsewhere in this Complaint.

**WHEREFORE,** Plaintiff Jason Albright demands judgment in his favor and against Defendant John Morris in an amount greater than $75,000, together with all available compensatory damages, lawful interest, fees and costs.

## COUNT V
## NEGLIGENT ENTRUSTMENT
## <u>JASON ALBRIGHT V. PV HOLDING CORPORATION; AVIS RENT A CAR SYSTEM, LLC; AVIS RENT A CAR SYSTEM, INC.; and AVIS BUDGET GROUP; INC.</u>

47.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein at length.

48.    At all times relevant hereto, Defendants PV Holding Corporation; Avis Rent A Car System, LLC; Avis Rent A Car System, Inc.; and Avis Budget Group, Inc. were responsible for and/or controlled the silver 2016 Lincoln MKZ, with Pennsylvania license plate 27526872, being driven by Defendant Alpha O. Sacko at the time of the accident.

49.    At all times material hereto, Defendants PV Holding Corporation; Avis Rent A Car System, LLC: Avis Rent A Car System, Inc.; and Avis Budget Group, Inc. owed Plaintiff and other drivers a duty to exercise reasonable care in permissively allowing others the use of their motor vehicle.

50.    Defendants PV Holding Corporation; Avis Rent A Car System, LLC; Avis Rent A Car System, Inc.; and Avis Budget Group, Inc. were negligent and careless, generally and in the following specific respects:

a.  Failing to properly instruct Defendant Alpha O. Sacko regarding the safe and proper operation of the subject motor vehicle;

b.  Permitting Defendant Alpha O. Sacko to operate the motor vehicle which was under the control of Defendants when Defendants knew or should have known that Defendant Alpha O. Sacko  intended or was likely to use the motor vehicle and/or conduct himself in such a manner as to create an unreasonable risk of harm to others;

c.  Negligently entrusting their motor vehicle to Defendant Alpha O. Sacko when they knew or should have known that said defendant would operate the vehicle at a speed too great for the circumstances, and at such an excessive speed would be unable to control the motor vehicle;

d.  Negligently entrusting their motor vehicle to Defendant Alpha O. Sacko when they knew or should have known that said defendant would fail to have the motor vehicle under reasonable, safe, and proper control such as striking Plaintiff's vehicle; and

e.  Violating <u>Restatement (Second) of Torts</u> §308.

51.      As a direct and proximate result of the negligence and carelessness of Defendants, and the breach of duties owed, Plaintiff Jason Albright sustained the personal injuries and damages described earlier in this Complaint.

52.      The acts, omissions, and other tortious conduct of Defendants PV Holding Corporation; Avis Rent A Car System, LLC; Avis Rent A Car System, Inc.; and Avis Budget Group, Inc. increased the risk of harm to Plaintiff Jason Albright and were substantial contributing factors to, and a factual cause of, Plaintiff's injuries and damages, as set forth elsewhere in this Complaint.

**WHEREFORE,** Plaintiff Jason Albright demands judgment in his favor and against Defendants PV Holding Corporation; Avis Rent A Car System, LLC; Avis Rent A Car System, Inc.; and Avis Budget Group, Inc. in an amount greater than $75,000, together with all available compensatory damages, lawful interest, fees and costs.

**COUNT VI**
**LOSS OF CONSORTIUM**
**STEPHANIE ALBRIGHT V. BAILEY L. MORRIS; JOHN MORRIS; ALPHA O. SACKO;**
**PV HOLDING CORPORATION; AVIS RENT A CAR SYSTEM, LLC;**
**AVIS RENT A CAR SYSTEM, INC.; and AVIS BUDGET GROUP; INC.**

53.      Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein at length.

54.      By reason of the aforesaid and as a direct and proximate result of Defendants' actions, Stephanie Albright was deprived of the companionship, services, comfort and consortium of her husband, all to her great detriment and loss and will continue to suffer for an indefinite time in the future the loss of services, society, companionship and consortium of her husband.

**WHEREFORE,** Plaintiff Stephanie Albright demands judgment in her favor and against Defendants Bailey L. Morris; John Morris; Alpha O. Sacko; PV Holding Corporation; Avis Rent A Car

System, LLC; Avis Rent A Car System, Inc.; and Avis Budget Group, Inc. in an amount greater than

$75,000, together with all available compensatory damages, lawful interest, fees and costs.

<div style="margin-left: 40%;">

Respectfully submitted,

**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre
10,000 Lincoln Drive East – Suite 201
Marlton, NJ 08053
PA Atty ID 75548
PHONE   (856) 988-5520
FAX     (856) 504-0140
EMAIL   Kevin@KMSLawGroup.com

</div>

Date:   January 29, 2019          By:      /s/ Kevin M. Siegel
                                           KEVIN M. SIEGEL, ESQUIRE